IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RAY CABLE,                     No. CIV S-06-1279-LKK-CMK-P

    Petitioner,

  vs.                                FINDINGS AND RECOMMENDATIONS

HOREL, et al.,

    Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 12) filed September 8, 2006, and petitioner's opposition (Doc. 19) filed November 13, 2006.

## I.  BACKGROUND

        On October 14, 1998, following a plea of no contest to second degree murder, petitioner was convicted and sentenced to 15 years to life in state prison.  Petitioner did not file a direct appeal.  Between October 28, 2004, and May 12, 2005, petitioner filed five post-convictions actions in the California state courts, all of which were denied.  The instant federal habeas petition was filed on June 12, 2006.

## II. DISCUSSION

Respondents argue that the instant petition is untimely. The court agrees.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). The one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000). Imposition of a state procedural bar, however, does not necessarily render the application improperly filed. See id. at 9. For example, California's rule governing the timeliness of bringing an application for post-conviction relief is subject to numerous exceptions. See In re Clark, 5 Cal.4th 750 (1993). Because the state court would be required to examine the merits of a petition before deciding whether an exception applies, it should be considered by the federal court to have been properly filed, even if untimely. See Dictado v. Ducharme, 244 F.3d 724, 728 (9th Cir. 2001). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state

court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period.  See Nino, 1983 F.3d at 1006-07.

In this case, petitioner's conviction and sentence became final on December 13, 1998 – the date on which the time to seek direct review expired.  The limitations period began to run the following day and ended one year later on December 13, 1999.  Because all of petitioner's post-convictions challenges in state court were filed well after this date, they did not toll running of the limitations period.  The instant petition filed June 12, 2006 – more than six years after expiration of the statute of limitations – is untimely.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 12) be granted;
2. This petition be dismissed;
3. All other pending motions (Docs. 17 & 18) be denied as moot; and
4. The Clerk of the Court be directed to enter judgment and close this file.

///
///
///
///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 16, 2006.

                                                  **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE