UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID RAY CABLE,

        Petitioner,

   v.

HOREL, et al.

        Respondents.
_____/

NO. CIV. S-06-1279 LKK/CMK P

O R D E R

    Petitioner, a state prisoner proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On November 16, 2006, the magistrate judge filed findings and recommendations which were served on petitioner. Petitioner has filed objections to the findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Local Rule 72-304, the court has conducted a de novo review of this

case. Having carefully reviewed the file, the court declines to adopt the magistrate judge's findings and recommendations and remands the case for further proceedings consistent with this order.

The magistrate judge concluded that the instant petition, filed June 12, 2006, was untimely. In his discussion of the statute of limitations, set forth in 28 U.S.C, § 2244(d), the magistrate judge focuses solely on subsection (d)(1)(A), which provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). Petitioner objects on the grounds that the factual predicate of his claim "could not have been discovered by him any sooner." Petitioner's Objections at 1. Specifically, petitioner argues that he received ineffective assistance of counsel ("IAC") when his trial counsel "convinced him to accept a plea. . ." Id. He seeks relief from the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(d).

The magistrate judge's findings and recommendations does not address petitioner's claim regarding 28 U.S.C. § 2244(d)(1)(D).

1  Instead, the magistrate judge confines his analysis to 28 U.S.C.
2  § 2244(d)(1)(A).  Accordingly, the case is remanded so that the
3  magistrate judge may resolve the question of whether the instant
4  petition is timely under 28 U.S.C. § 2244(d)(1)(D).
5       The case is remanded to the magistrate judge for further
6  proceedings consistent with this order.
7       IT IS SO ORDERED.
8       DATED: August 17, 2007.

```
                              /s/ Lawrence K. Karlton
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```

3