1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID RAY CABLE,                    No. CIV S-06-1279-LKK-CMK-P

12                  Petitioner,

13         vs.                           <u>FINDINGS AND RECOMMENDATIONS</u>

14   HOREL, et al.,

15                  Respondents.

16   _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to

19   dismiss (Doc. 12) filed September 8, 2006, and petitioner's opposition (Doc. 19) filed November

20   13, 2006.

21              The court issued findings and recommendations on November 16, 2006,

22   recommending that respondents' motion to dismiss be granted.  The court concluded that the

23   instant petition was not filed within the one-year limitations period.  Petitioner filed objections

24   (Doc. 23) on December 4, 2006.  On August 17, 2007, the United States District Judge declined

25   to adopt the November 2006 findings and recommendations and referred the case to the

26   undersigned for consideration of timeliness under 28 U.S.C. § 2244(d)(1)(D).

                                            1

# I. BACKGROUND

On October 14, 1998, following a plea of no contest to second degree murder, petitioner was convicted and sentenced to 15 years to life in state prison.  Petitioner did not file any direct appeal.  Between October 28, 2004, and May 12, 2005, petitioner filed five post-convictions actions in the California state courts, all of which were denied.  The instant federal habeas petition was filed on June 12, 2006.

# II. DISCUSSION

Respondents argue that the instant petition is untimely.  Specifically, respondents assert that the limitations period began to run on December 14, 1998 – the day after the time to seek direct review expired – and petitioner did not file his first state post-conviction challenge until 2004 – after expiration of the one-year limitations period on December 13, 1999.  Petitioner argues that the limitations period did not begin to run in his case until some later date due to claimed ineffective assistance of counsel in advising him to accept a plea agreement.  Petitioner cites 28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner does not, however state, either in his opposition to respondents' motion or in his December 2006 objections, when he first discovered the factual predicate of his claims.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

1   review.  See 28 U.S.C. § 2244(d)(1).  The one-year limitations period begins running the day

2   after expiration of the 90-day time within which to seek review by the U.S. Supreme Court.  See

3   Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The limitations period may also begin

4   to run, in certain cases, on the date the petitioner learned of the factual predicate of his claim

5   through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1)(D).

6           The limitations period is tolled, however, for the time a properly filed application

7   for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

8   "properly filed," the application must be authorized by, and in compliance with, state law.  See

9   Artuz v. Bennett, 531 U.S. 4 (2000).  Imposition of a state procedural bar, however, does not

10   necessarily render the application improperly filed.  See id. at 9.  For example, California's rule

11   governing the timeliness of bringing an application for post-conviction relief is subject to

12   numerous exceptions.  See In re Clark, 5 Cal.4th 750 (1993).  Because the state court would be

13   required to examine the merits of a petition before deciding whether an exception applies, it

14   should be considered by the federal court to have been properly filed, even if untimely.  See

15   Dictado v. Ducharme, 244 F.3d 724, 728 (9th Cir. 2001).  A state court application for post-

16   conviction relief is "pending"during all the time the petitioner is attempting, through proper use

17   of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th

18   Cir. 1999).  Where the petitioner unreasonably delays between state court applications, however,

19   there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state

20   court does not explicitly deny a post-conviction application as untimely, the federal court must

21   independently determine whether there was undue delay.  See id. at 226-27.

22           There is no tolling for the interval of time between post-conviction applications

23   where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183

24   F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

25   tolling for the period between different sets of post-conviction applications.  See Biggs v.

26   Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

1  review and the filing of a state post-conviction application does not toll the limitations period.

2  See Nino, 1983 F.3d at 1006-07.

3  In support of his argument concerning discovery of the factual predicate of his

4  claims, petitioner attaches two documents.  The first is a May 26, 1998, supplemental report from

5  Butte County deputy sheriff R.E. Chandler which petitioner asserts supports his contention that

6  physical evidence overlooked by the police and his trial attorney was recovered.  The second

7  document is the California Supreme Court's November 16, 2005, denial of one of his state

8  habeas petitions.  Petitioner nowhere states when he first learned of the May 26, 1998, document.

9  Nor does he offer any kind of explanation for the delay between the date his conviction became

10 final in December 1998 and the date he filed his first state habeas case in October 2004.

11 Section 2244(d)(1)(D) applies to those who could not have discovered the factual

12 predicate for their claims, not to those who sleep on their rights.  See Majoy v. Roe, 296 F.3d

13 770, 777 n.s (9th Cir. 2002).  Beyond merely saying that he did not know the facts underlying his

14 claims, petitioner has not made any showing regarding due diligence in discovering the facts.

15 Neither of the documents attached in support of his argument indicate when petitioner learned of

16 the facts underlying his claims.  As mentioned above, petitioner has not said anything about what

17 he did to discover the facts of his claims between December 1998 and October 2004.  The court,

18 therefore, concludes that petitioner has not established due diligence, a requirement for the

19 application of § 2244(d)(1)(D).

20 Moreover, the court finds that petitioner could have and should have known about

21 his claims by October1998 when he entered his plea.  His claims are based on deficient

22 investigation, failure to follow Miranda procedures, and improper waiver of a preliminary

23 hearing.  The facts underlying these claims should have been known to petitioner by the time he

24 entered his plea.  To the extent petitioner is arguing that the clock started to run when he realized

25 the legal significance of the factual predicate to his claims, not when he first knew the important

26 facts, the Ninth Circuit has rejected this argument.  See Hasan v. Galaza, 254 F.3d 1150, 1154

4

1  n.3 (9th Cir. 2001).

2          Even assuming that the petitioner did not actually know about the factual

3  predicate of his claims by the time he entered his plea,  it appears that, based on his assertions,

4  that he did in fact know about the facts underlying his claims, and their legal significance,

5  sometime before January 31, 2004, at the latest.  Petitioner states:

6                    . . . During the time [petitioner] was waiting for his attorney to
           prepare his "appeal," he was moved from prison to prison.  When he
7          arrived at Pelican Bay he was housed with an inmate familiar with the law.
           It was at that time [petitioner] was finally made aware of the "Miranda"
8          violation and his attorney's failure.

9  Attached to the petition as Exhibit 2 is petitioner's declaration.  In that declaration, petitioner

10  states that he was transferred to Pelican Bay State Prison "[s]ometime during November 2002."

11  Petitioner also states that, in November 2003, he was removed from administrative segregation at

12  Pelican Bay State Prison and assigned housing in the secured housing unit ". . . with a prisoner

13  who knows how to conduct legal research and understands the law. . . ."  Finally, petitioner states

14  that his legal property was returned to him in January 2004.

15          Giving petitioner the benefit of the time between November 2003 – when he was

16  housed with a knowledgeable inmate – and all of January 2004 – the month his legal property

17  was returned to him – the court will conclude that the latest petitioner learned of the factual (and

18  legal) predicates of his claim was January 31, 2004.  The record reflects that petitioner filed his

19  first state court habeas petition on October 28, 2004, and that the last such petition was denied

20  on May 12, 2005.  Again, the court will give petitioner the benefit of statutory tolling for this

21  entire period.  Thus, by the time he filed his first state petition, almost nine months of the one-

22  year limitations period had expired.  The clocked stopped until May 12, 2005.  Between May 12,

23  2005, and June 12, 2006 – the date the instant petition was filed – over 12 more months expired.

24  Therefore, by the time petitioner filed the instant petition, and assuming that the clock did not

25  start to run until January 31, 2004, the clock had run for almost 21 months.

26          In this case, petitioner's conviction and sentence became final on December 13,

5

1998 – the date on which the time to seek direct review expired.  The limitations period began to run under § 2244(d)(1)(A) the following day and ended one year later on December 13, 1999 – before any of petitioner's state court post-conviction cases were filed.  Or, giving petitioner the benefit of the doubt, the limitations period began to run under § 2244(d)(1)(D) on January 31, 2004, and was tolled between October 28, 2004, and May 12, 2005.  Under this scenario, as discussed above, the clock ran for 21 months before the instant petition was filed.  Therefore, the petition filed in this court on June 12, 2006, is untimely under both § 2244(d)(1)(A) and 2244(d)(1)(D).

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Respondents' motion to dismiss (Doc. 12) be granted;

2.      This petition be dismissed;

3.      All other pending motions (Docs. 17 & 18) be denied as moot; and

4.      The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   September 6, 2007.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE