1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAY CABLE, | No. CIV S-06-1279-LKK-CMK-P |
| Petitioner, | |
| vs. | <u>ORDER</u> |
| HOREL, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's request for a certificate of appealability (Doc. 31), filed on October 24, 2007.

Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's dismissal of his application for a writ of habeas corpus as untimely.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.

1

Fed. R. App. P. 22(b).

Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). In his request for a certificate of appealability, petitioner argues that this standard has been met due to ". . . the Court's reliance on [an] erroneous date. . . ." In particular, petitioner asserts that he should have been granted statutory tolling until April 19, 2006, instead of May 12, 2005.

The issue with respect to this argument is whether the petition is timely under 28 U.S.C. § 2244(d)(1)(D), which provided that the one-year limitation period begins on the date the petitioner first learned of the factual predicate of the claim. The court concluded that petitioner had not established due diligence – a prerequisite for application of § 2244(d)(1)(D). The court also concluded that petitioner could have and should have been aware of his claim at the time petitioner entered his plea in 1998. Finally, the court concluded that, even assuming that petitioner did not discover his claim until January 31, 2004, which gave petitioner the benefit of all doubts, the instant federal petition would be late by nine months. This calculation was based on statutory tolling until May 12, 2005. As petitioner points out, however, he should have been granted statutory tolling until April 19, 2006 – the correct date his last state habeas petition was denied. Using this date, and assuming that petitioner exercised due diligence and could not have discovered his claim when he entered his plea, the instant petition would be timely.

Because petitioner's last state habeas petition was not denied until April 19, 2006, it is appropriate to correct the September 26, 2007, judgment to reflect this date. See Fed. R. Civ. P. 60(a). The court concludes that the instant petition is nonetheless untimely under

§ 2244(d)(1)(D) because petitioner has not established due diligence and because petitioner could have and should have learned about his claim as early as 1998.  Therefore, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether petitioner's petition was timely.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    The September 26, 2007, judgment is corrected pursuant to Federal Rule of Civil Procedure 60(a) to reflect that petitioner's last state habeas petition was <u>filed</u> on May 12, 2005, and <u>denied</u> on April 19, 2006; and

        2.    Petitioner's request for a certificate of appealability is denied.

DATED: November 19, 2007

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3